UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STACEY HESELTON, | ) | |
| | ) | |
|   Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO: |
| | ) | |
| PEDRO ESPINOZA & | ) | |
| ROLINE EXPRESS, INC., a corporation, | ) | |
| | ) | |
|   Defendants. | ) | |

## COMPLAINT

## COUNT I
(Negligence)
Stacey Heselton v. Pedro Espinoza

NOW COMES the Plaintiff, Stacey Heselton, by and through his attorneys, Rich, Rich, Cooksey & Chappell, P.C, and for his cause of action against the Defendant, Pedro Espinoza, respectfully represents unto the Court as follows:

1.     On September 26, 2021, Plaintiff, Stacey Heselton, was a resident of the City of Effingham, in the State of Illinois.

2.     That on September 26, 2021, the Defendant, Pedro Espinoza, was a resident of the City of Sunland, in the State of California.

3.     That the amount in controversy exceeds the sum or value of $75,000.00, exclusive of costs and interest.

4.     That jurisdiction of this Court is proper under 28 U.S.C. §1332, diversity of citizenship.

5.     That this action properly lies in this district pursuant to 28 U.S.C. § 1391(b)(1), as Plaintiff, Stacey Heselton, is a resident of the State in which this district is located.

6.     That on September 26, 2021, Plaintiff was operating a police vehicle that was rightfully stopped on the shoulder of Interstate 70, at the mile post 76.5, in the County of Fayette, in the State of Illinois, with the emergency lights activated on his vehicle.

7.     That on September 26, 2021, Defendant, Pedro Espinoza, was operating a motor vehicle traveling Eastbound on Interstate 70, at the mile post 76.5, in the County of Fayette, in the State of Illinois.

8.     That at said time and place, the vehicle operated by the Defendant, Pedro Espinoza, ran off the roadway, and struck the rear of Plaintiff's vehicle.

9.     That at said time and place, the Defendant committed one or more of the following acts of negligence and/or omissions which directly and proximately caused the collision to occur:

   a.     The Defendant failed to keep a proper lookout for other vehicles then and there rightfully upon said roadway and particularly the vehicle of the Plaintiff;

   b.     The Defendant drove his vehicle in such a manner as to cause it to strike the rear of the Plaintiff's vehicle;

   c.     The Defendant failed to properly apply the brakes of his vehicle;

   d.     The Defendant operated his vehicle at an excessive rate of speed which was greater than was reasonable and proper having regard for the traffic then and there upon said highway and the condition of said highway, contrary to the provisions of 625 ILCS 5/11-601; and

10.     That as a direct and proximate result of one or more of the foregoing acts of negligence and/or omissions of the Defendant, Pedro Espinoza, the Plaintiff was injured in one or more of the following ways:

   a.     The Plaintiff was made sick, sore, lame, disordered and disabled and suffered extensive injuries to his head, body, and limbs, both internally and externally;

   b.     The Plaintiff received injuries to his head;

   c.     The Plaintiff received injuries to his neck;

d. The Plaintiff received injuries to his left shoulder;

e. The Plaintiff received injuries to his left pinky finger;

f. The Plaintiff received injuries to the soft tissues of the cervical, shoulder, and lumbar area, including the muscles, ligaments, tendons and nerves;

g. The Plaintiff has expended money for necessary medical care, treatment and services and will be required to expend money for medical care, treatment and services in the future;

h. The Plaintiff has suffered disability as a result of his injuries;

i. The Plaintiff has experienced pain and suffering and will be reasonably certain to experience pain and suffering in the future as a result of the injuries; and

j. The Plaintiff has lost money from the loss of wages and will suffer an impairment of future earning capacity.

WHEREFORE, the Plaintiff, Stacey Heselton, prays judgment against the Defendant, Pedro Espinoza, for a fair and just award in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs of this suit.

## <u>COUNT II</u>
(Negligence)
Stacey Heselton v. Roline Express, INC., a corporation

NOW COMES the Plaintiff, Stacey Heselton, by and through his attorneys, Rich, Rich, Cooksey & Chappell, P.C, and for his cause of action against the Defendant, Roline Express, INC., a corporation, respectfully represents unto the Court as follows:

1. On September 26, 2021, Plaintiff, Stacey Heselton, was a resident of the City of Effingham, in the State of Illinois.

2. That on September 26, 2021, the Defendant, Roline Express, INC., a corporation, was a California corporation with its principal place of business located in the city of Laguna Hills, in the State of California.

3. That the amount in controversy exceeds the sum or value of $75,000.00, exclusive

of costs and interest.

4.      That jurisdiction of this Court is proper under 28 U.S.C. §1332, diversity of citizenship.

5.      That this action properly lies in this district pursuant to 28 U.S.C. § 1391(b)(1), as Plaintiff, Stacey Heselton, is a resident of the State in which this district is located.

6.      That on September 26, 2021, Plaintiff was operating a police vehicle that was rightfully stopped on the shoulder of Interstate 70, at the mile post 76.5, in the County of Fayette, in the State of Illinois, with the emergency lights activated on his vehicle.

7.      That on September 26, 2021, the Defendant, Roline Express, Inc., by and through its agent and employee, Pedro Espinoza, was operating a motor vehicle traveling Eastbound on Interstate 70, at the mile post 76.5, in the County of Fayette, in the State of Illinois.

8.      That at said time and place, the vehicle operated by the Defendant, Roline Express, INC., a corporation, by and through its agent and employee, Pedro Espinoza, ran off the roadway, and struck the rear of Plaintiff's vehicle.

9.      That at said time and place, the Defendant, by and through its agent and employee, committed one or more of the following acts of negligence and/or omissions which directly and proximately caused the collision to occur:

   a.      The Defendant failed to keep a proper lookout for other vehicles then and there rightfully upon said roadway and particularly the vehicle of the Plaintiff;

   b.      The Defendant drove his vehicle in such a manner as to cause it to strike the rear of the Plaintiff's vehicle;

   c.      The Defendant failed to properly apply the brakes of his vehicle;

   d.      The Defendant operated his vehicle at an excessive rate of speed which was greater than was reasonable and proper having regard for the traffic then and there upon said highway and the condition of said highway, contrary to the provisions of 625 ILCS 5/11-601; and

10.     That as a direct and proximate result of one or more of the foregoing acts of

negligence and/or omissions of the Defendant, Roline Express, INC., a corporation, by and through

its agent and employee Pedro Espinoza, the Plaintiff was injured in one or more of the following

ways:

a.     The Plaintiff was made sick, sore, lame, disordered and disabled and suffered extensive injuries to his head, body, and limbs, both internally and externally;

b.     The Plaintiff received injuries to his head;

c.     The Plaintiff received injuries to his neck;

d.     The Plaintiff received injuries to his left shoulder;

e.     The Plaintiff received injuries to his left pinky finger;

f.     The Plaintiff received injuries to the soft tissues of the cervical, shoulder, and lumbar area, including the muscles, ligaments, tendons and nerves;

g.     The Plaintiff has expended money for necessary medical care, treatment and services and will be required to expend money for medical care, treatment and services in the future;

h.     The Plaintiff has suffered disability as a result of his injuries;

i.     The Plaintiff has experienced pain and suffering and will be reasonably certain to experience pain and suffering in the future as a result of the injuries; and

j.     The Plaintiff has lost money from the loss of wages and will suffer an impairment of future earning capacity.

WHEREFORE, the Plaintiff, Stacey Heselton, prays judgment against the Defendant,

Roline Express, Inc., for a fair and just award in excess of Seventy-Five Thousand Dollars

($75,000.00) plus costs of this suit.

Respectfully submitted,

/s/ Thomas C. Rich
BY:     RICH, RICH, COOKSEY & CHAPPELL, P.C.
Mr. Thomas C. Rich #06186229
Mrs. Kristina D. Cooksey #6299549
Mrs. Michelle M. Rich #6310004
Mr. Aaron J. Chappell #6311028
Ms. Caitlin R. Rich # 6334176
Attorneys at Law
6 Executive Drive, Suite 3
Fairview Heights, IL 62208
618-632-0044 PHONE
618-632-9749 FAX
team@rrccfirm.com