IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STACEY HESELTON, <br> LANETTE HESELTON, <br><br> Plaintiffs, <br><br> vs. <br><br> PEDRO ESPINOZA, and <br> ROLINE EXPRESS, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 21-cv-1592-DWD <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Now before the Court is a Motion to Quash Subpoena Duces Tecum filed by Defendants Pedro Espinoza and Roline Express, Inc. (Doc. 38). Defendants seek to quash the subpoena issued to non-party RSI Insurance Brokers, Inc. ("RSI"). RSI is Defendant Roline Express, Inc.'s insurance broker (Doc. 38, p. 1). Plaintiff seeks the following documents from RSI: "The full and complete copy of all underwriting files, including but not limited to, correspondence, insurance applications, insurance filings, and complete insurance policies with regards to the following entity: Roline Express, Inc." (Doc. 38-1).

## Background

On September 26, 2021, Plaintiff Stacey Heselton was operating a police vehicle on the shoulder of Interstate 70 in Fayette County, Illinois (Doc. 24). Heselton activated his emergency lights on the police vehicle. While Heselton was stopped, Defendant Pedro Espinoza drove his vehicle off the roadway and into the rear of Heselton's vehicle causing severe and disabling injuries to Heselton. At the time of the accident, Espinoza was an

agent and employee of Defendant Roline Express, Inc.  Heselton, and his spouse, LaNette Heselton, bring claims for negligence and loss of consortium against Defendants. Plaintiffs' negligence theories are based on Espinoza's alleged (a) failure to keep a proper lookout for other vehicles, (b) driving, (c) failure to properly apply the brakes of his vehicle, and (d) driving at an excessive rate of speed for the condition of the highway (Doc. 24, ¶ 9).

## **Legal Standards**

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* In addition to being relevant, the discovery sought must be proportional to the needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits." *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F. Supp. 3d 916, 924 (N.D. Ill. 2019) (citing Fed. R. Civ. P. 26(b)(1)).

A subpoena issued pursuant to Rule 45 is subject to the general relevancy standard for discovery described in Rule 26(b)(1). *See, e.g.*, *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 930 (7th Cir. 2004).  However, a court must quash or modify a subpoena if it would subject a person to undue burden, of if a subpoena would require disclosure of confidential information or sensitive commercial material. Fed. R. Civ. P. 45(d)(3). The

party moving to quash bears the burden of persuasion and must show how the information requested is sensitive or creates an undue burden. *See Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 516 (N.D. Ind. 2012) (collecting cases).

## Discussion

Defendants represent that RSI is Defendant Roline Express's insurance broker and the agency that obtained coverage for Espinoza and Roline Express related to the auto accident underlying this suit. Defendants seek to quash the RSI subpoena: (1) as irrelevant and immaterial, (2) as overly broad, unduly burdensome, and not reasonably calculated to lead to discovery of admissible evidence, and (3) because the documents requested may be protected from disclosure by attorney-client, work-product, or insurer-insured privilege (Doc. 38).

Plaintiffs assert that Defendants lack standing to object to the RSI subpoena (Doc. 42, p. 3). Generally, a party does not have standing to quash a subpoena to a non-party. *See Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 187 (N.D. Ill. 2013); *Piercy v. Wilhelmi*, No. 16-MC-43-NJR, 2016 WL 9176539, at *2 (S.D. Ill. June 17, 2016) (collecting cases). "Instead, it is usually up to the non-party to bring its own motion to quash." *See Parker*, 291 F.R.D. at 187. Thus, a party has standing to move to quash a subpoena addressed to another only "if the subpoena infringes upon the movant's legitimate interests." *See United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982); *see also Hard Drive Prods. v. Does 1-48*, No. 11 CV 9062, 2012 WL 2196038, at *3 (N.D. Ill. June 14, 2012) ("[A] party lacks standing to quash a subpoena issued to a nonparty unless the party has a claim of

3

privilege attached to the information sought or unless it implicates a party's privacy interests.").

> Examples of instances which confer standing on a party include:
>
> [T]he assertion of work product or attorney-client privilege, interference with business relationships, or production of private information about the party that may be in the possession of a third party. *See, e.g.*, *Countryman v. Cmty. Link Fed. Credit Union*, No. 11–cv–136, 2012 WL 1143572, 2012 U.S. Dist. LEXIS 47681 (N.D.Ind. Apr. 3, 2012) (assertion of privacy interest can confer standing); *Farmer v. Senior Home Companions of Indiana, Inc.*, No. 8–cv–0379, 2009 WL 564193, 2009 U.S. Dist. LEXIS 18557 (S.D.Ind. Mar. 5, 2009) (assertion of interference with a client relationship confers standing); *Minnesota Sch. Bds. Assoc. Ins. Trust v. Employers Ins. Co. of Wausau*, 183 F.R.D. 627, 629–30 (N.D.Ill.1999) (assertion of privilege confers standing). While not exhaustive, these exceptions demonstrate that there are limited circumstances that allow a party to have standing to contest a third party subpoena.

*Parker*, 291 F.R.D. at 187.

Defendants argue that they have standing to object to the RSI subpoena because they have a direct interest in the documents sought to be produced, and because those documents may contain privileged information (Doc. 38). Defendants specifically identify the requested disclosure of its underwriting file, communications, insurance application, "and other documents" (Doc. 38, p. 3). Defendants compare their purported standing here to that of the defendant in *Caruso v. Modany*, 2020 WL 8996808 (S.D. Ind. May 19, 2020) (finding defendant had standing to challenge non-party subpoenas seeking "information regarding defense costs and indemnity the Insurers have provided to Defendant, communications regarding these payments, and insurance applications and claims placement information."). There, the district court found that the defendant-insured had a direct interest in the documents produced, and thus sufficient standing to

challenge the subpoena. *Id.*; *see also Jump*, 2015 WL 4530522, at *1 (finding the defendant-insured to have a legitimate basis to claim that the subpoena seeks documents subject to their claims of insurer/insured privilege); *Ready v. Grafton Ferry Boat Co.*, No. CIV. 09-005-JPG, 2009 WL 3258183, at *2 (S.D. Ill. Oct. 8, 2009) (communications between insured and insurer during pending litigation may be subject to attorney-client privilege).

Plaintiffs object to Defendants' privilege assertion, arguing that Defendants have failed to identify or establish which privilege allegedly applies to the requested documents (Doc. 42, p. 3). Indeed, Defendants did not specify a basis for its privilege assertion. However, this failure does not imply that Defendants lack a legitimate interest in the documents requested. Further, while Plaintiffs correctly contend that the relationship between Defendants and non-party RSI differs from that of an insurer/insured relationship because RSI is Defendants' insurance broker, this difference does not necessarily preclude privilege concerns. Particularly, here, Plaintiffs seek correspondence, underwriting files, and insurance applications, without regard to any scope or time limitations (Doc. 38-1). As communications between an insured and an insurer during pending litigation may be subject to attorney-client privilege, *see Jump*, 2015 WL 4530522, at *2, and the current subpoena does not limit the scope of communications sought or the time of those communications, it is fathomable that some requested documents could be subject to a privilege challenge. Thus, Defendants have standing to challenge the subpoena.

Standing alone, however, does not mean Defendants have satisfied their burden to quash the subpoena. In addition to their non-specific privilege argument Defendants

5

object to the scope of the RSI subpoena for seeking documents which are (1) irrelevant and immaterial and (2) overly broad, unduly burdensome, and not reasonably calculated to lead to discovery of admissible evidence (Doc. 38).  Objections based on undue burden, oppression, or relevancy are generally left to that of the non-party respondent that faces the burden of discovery production, and not the defendant.  *See Piercy*, 2016 WL 9176539, at *2 (collecting cases). RSI has not lodged an objection to the subpoena, and previously agreed to a production date of February 6, 2023 (*See* Doc. 42-5).

Nevertheless, the Court enjoys "extremely broad discretion" in controlling discovery and considering relevancy issues. *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013); *see also Hunt v. DaVita, Inc.*, 680 F.3d 775, 780 (7th Cir. 2012) (citations omitted) ("District courts have broad discretion in supervising discovery."). Further, under Fed. R. Civ. P. 45(d)(3)(B)(i), the Court may quash or modify a subpoena if it requires "disclosing a trade secret or other confidential research, development or commercial information."  Here, the Court has concerns over the limitless scope of the RSI subpoena.  Plaintiffs' Amended Complaint asserts straightforward negligence and *respondent superior* claims based on the specific driving actions of Defendant Espinoza on September 26, 2021, the date of the accident in this matter.  However, the RSI Subpoena broadly requests documents and communications related to **all** of Roline Express's underwriting files and insurance policies (Doc. 38-1).  Plaintiffs represent that Roline Express is a "large shipping and trucking company" with 43 trucks and 37 drivers traveling over 6.5 million miles per year (Doc. 42, p. 2; Doc. 42-2).  Accordingly, the request for **all** underwriting files and complete insurance policies will likely result in the

6

overproduction of many irrelevant documents, and possibly years of irrelevant policies unrelated to the specific claims alleged in the Complaint.

Further, while Fed. R. Civ. P. 26(a)(1) requires the automatic disclosure of "any insurance agreement that can satisfy a judgment," the production of "[a]ny other insurance-related document must meet the standard test for relevance—the document must be admissible evidence to prove or defend the claims at issue, or must be reasonably calculated to lead to admissible evidence." *Jump*, 2015 WL 4530522, at *2; Fed. R. Civ. P. 26(a)(1) (identifying four categories of documents that parties are to automatically provide near the beginning of the case). Here, Plaintiffs claims relate broadly to the September 21, 2021 accident, Espinoza's actions, and Roline Express, Inc.'s knowledge and control of Espinoza's actions and his qualifications to safely operate a company vehicle. Thus, to the extent the subpoena seeks documents related to the insurance policies in effect at the time of the accident or documents which concern Roline Express, Inc.'s coverage of Espinoza and the vehicle he was driving at the time of the accident, those requests appear relevant to the dispute. *See, generally, Jump*, 2015 WL 4530522, at *2 (requests for insurance documents must relate to specific claims in the action).

Plaintiffs are also entitled to receive the complete insurance policies relevant to the incident in the Complaint, notwithstanding Defendants' argument that it has already provided the complete policy. *See Jump*, 2015 WL 4530522, at *2 (using discretion to direct non-party to produce a complete copy of the relevant insurance policy because the "burden to produce a copy is minimal, and the production will resolve any dispute over this matter").

7

However, Plaintiffs fail to explain how uncovering additional policies that are unrelated to the policies in effect at the time of the 2021 accident, or that concern other drivers and vehicles, may be relevant to its claims, the accident, or Roline Express's knowledge of Espinoza's qualifications to safely operate a company vehicle. While Plaintiffs argue that they are exploring additional causes of action against Defendants, including negligent hiring, negligent supervision, negligent training, and punitive damages (Doc. 42, p. 2), the Court is not convinced that these unpled theories outweigh the potential relevancy or privacy concerns outlined above.

The Court believes that the scope of the subpoena is profoundly broad and is likely to capture many documents that are not germane to any pending or identified prospective issue. At the same time, the Court is not willing act as scrivener in an attempt to satisfactorily define the scope of the RSI subpoena.

Nothing herein should be construed as prohibiting the service of a further subpoena upon RSI seeking documents consistent with this Order. To that end, the parties are encouraged to meet and confer and to prepare an agreed upon protective order to guard against the disclosure of confidential or commercial information.

For these reasons, Defendants' Motion to Quash (Doc. 38) is **GRANTED without prejudice.**

SO ORDERED.

Dated:  January 12, 2023             /s *David W. Dugan*
                                     _____
                                     DAVID W. DUGAN
                                     United States District Judge