IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STACEY HESELTON,<br>LANETTE HESELTON, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 21-cv-1592-DWD<br>) |
| PEDRO ESPINOZA, and<br>ROLINE EXPRESS, INC., | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Now before the Court is a Motion to Compel and for Sanctions filed by Defendants Pedro Espinoza and Roline Express, Inc. (Doc. 44). Defendants seek an order compelling non-party Dr. Jeremy Clark at The Pain Relief Center of Vandalia to comply with Defendants' subpoena and impose sanctions against Dr. Clark for failing to appear for his scheduled deposition. No responses have been filed to this Motion. For the reasons detailed below, the Motion will be denied, albeit without prejudice.

## Background

In this matter, Plaintiffs Stacey and LaNette Heselton assert claims for negligence and loss of consortium against Defendants Pedro Espinoza and Roline Express, Inc. following a vehicle accident on September 26, 2021 which caused severe and disabling injuries to Stacey Heselton (Doc. 24). The parties are currently engaging in discovery. In response to Defendants' written discovery requests, Plaintiff identified non-party, Dr. Jeremy Clark, as one of his medical providers (Doc. 44-1, p. 5). Plaintiff also executed

1

multiple medical authorization forms authorizing Defendants to obtain Plaintiff's medical records from Dr. Clark covering the time from September 2011 to the present (Doc. 44, pp. 1-2).

Sometime in May or June 2022, Defendants sent Plaintiff's medical authorization to Dr. Clark (Doc. 44, p. 1). According to Defendants, Dr. Clark provided some medical records in response (Doc. 44, p. 1). These records were dated from September 27, 2021 to March 2, 2022 (Doc. 44, p. 1). Defendants maintain that this production did not comply with their discovery request or the authorization form.[1] Accordingly, Defendants sent updated requests for production of documents to Dr. Clark in September and December 2022.[2]

On January 23, 2023, Defendants served Dr. Clark with a subpoena, notice of deposition, and Plaintiff's medical authorization via a process server (Doc. 44-2, pp. 1-3).[3] Dr. Clark's deposition was scheduled for February 1, 2023 (Doc. 44-2, p. 3). Dr. Clark did not produce any records prior to the February 1 deposition date (Doc. 44, p. 2). On February 10, 2023, Defendants served Dr. Clark with another subpoena and notice of deposition, setting Dr. Clark's deposition for February 21, 2023 (Doc. 44-3, pp. 1-2). Dr. Clark failed to appear for this deposition or to produce the requested medical records[4] so Defendants created a record of non-appearance (Doc. 44-4). On March 27, 2023,

---

[1] Copies of Plaintiff's medical authorizations and Defendants' relevant discovery requests as sent to Dr. Clark do not appear in the court record.
[2] These requests also do not appear in the court record.
[3] A copy of the documents to be produced in response to the notice of deposition was not included with the Motion.
[4] Again, a copy of what documents or medical records were requested does not appear in the record.

2

Defendants served an employee at Dr. Clark's office with another subpoena and notice of deposition, setting Dr. Clark's deposition for April 6, 2023 (Doc. 44-5, pp. 1-3). Dr. Clark did not appear for this deposition, and Defendants created another record of non-appearance (Doc. 44-6).

At some point after March 2023, Plaintiffs' Counsel, or a representative from her office, communicated with Dr. Clark concerning the production of medical records (Doc. 44, p. 2). Dr. Clark relayed that he is in the process of retiring and de-activated the system that maintained the requested records (Doc. 44, p. 2-3). It was further represented that it would cost approximately $350.00 to have the deactivated system restored, in addition to Dr. Clark needing to contract someone to use the system (Doc. 44, p. 3).

## Discussion

By their Motion to Compel, Defendants request that the Court compel Dr. Clark to produce all documents sought within (10) days, and to pay Defendants the amount of expenses they incurred in attempting to obtain these documents, including Defendants' attorney's fees and the costs of hiring process servers (Doc. 44, p. 4).

Fed. R. Civ. P. 45 establishes the rules for subpoenas served upon non-parties. Under Rule 45(g), "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). This contempt provision "implies that all discovery subpoenas are contempt-sanctionable orders of the court whether issued in blank by the clerk or by an attorney as an officer of the court." *U.S.*

*S.E.C. v. Hyatt*, 621 F.3d 687, 693 (7th Cir. 2010).  To prevail on a request for a contempt finding under Rule 45(g), the Seventh Circuit has provided the following standard:

> [T]he moving party must establish by clear and convincing evidence that (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply.

*U.S. S.E.C.*, 621 F.3d at 692.

Upon review of Defendants' Motion and the record currently before the Court, the Court observes at least three issues with Defendants' Motion.  First, it is unclear from Defendants' Motion whether Defendants served Dr. Clark, who is a non-party to this action, with a copy of their Motion (Doc. 44, p. 5) (the certificate of service only indicates that the Motion was served on counsel of record via the Court's electronic filing system). As non-parties have no proverbial interest in the outcome of the dispute, Rule 45 requires the Court to afford special consideration to the procedural and substantive rights of the non-parties involved in discovery disputes.  *See U.S. S.E.C.*, 621 F.3d at 692 (Rule 45 suggests "at a minimum that contempt motions for noncompliance with a discovery subpoena should be entertained with special attention to the procedural and substantive rights of the nonparty witness."); *Rossman v. EN Eng'g, LLC*, 467 F. Supp. 3d 586, 590 (N.D. Ill. 2020) ("Non-parties are afforded [] special consideration, because 'they have a different set of expectations' than parties. To put it colloquially, while plaintiff and defendant have different horses in this race, [the non-party] has none and it is understandable if it is unenthusiastic about being forced to enter the race …") (internal

4

citations omitted). Procedural due process generally requires fair notice and an opportunity to be heard. *See Fuery v. City of Chicago*, No. 07 C 5428, 2016 WL 5719442, at *13 (N.D. Ill. Sept. 29, 2016), *aff'd*, 900 F.3d 450 (7th Cir. 2018) (citing *Knorr Brake Corp. v. Harbil, Inc.*, 738 F.2d 223, 227 (7th Cir. 1984). Accordingly, as there is no indication in the record that Dr. Clark has received notice of this Motion, any contempt order or other relief would be violative of Dr. Clark's procedural due process rights.

Second, Defendants have failed to describe with any specificity what outstanding documents and records they seek to obtain. This violates the undersigned's case management procedures, which requires parties to "include copies of the complete original discovery request at issue" if disputes concerning written discovery are at issue. Based on a broad reading of Defendants' Motion, the Court presumes Defendants are requesting the production of Plaintiff's medical records from 2011 until the present, except for the documents already produced by Dr. Clark (Doc. 44, p. 1) (Dr. Clark produced records dated from September 27, 2021 to March 2, 2022). Thus, the Court is unable to discern with any specificity what outstanding records Defendants are seeking to have produced. Rule 45 also requires the Court to consider, in part, whether the alleged contemnor substantially complied with the order. *See U.S. S.E.C.*, 621 F.3d at 692. Here, the Court is simply unable to evaluate to what extent the already produced records comply or do not comply with the subpoena.

Similarly, the Court cannot evaluate whether Dr. Clark failed "without adequate excuse to obey the subpoena." *See U.S. S.E.C.*, 621 F.3d at 692. Both the Court and Defendants' counsel, have independent duties to ensure that non-parties do not face an

5

undue burden or expense from complying with a subpoena. *See, e.g.*, Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty …"); Fed. R. Civ. P. 45(d)(2)(B)(i)-(ii) (Courts must protect non-parties "from significant expense resulting from compliance" with a subpoena). While Defendants suggest that Dr. Clark has completely failed to comply with the subpoena and faces no undue burden in further compliance, that conclusion is not clear from the record currently before the Court.

Indeed, the Motion indicates that Dr. Clark has produced some relevant documents responsive to Defendants' requests, including records from September 27, 2021 to March 2, 2022 (Doc. 44, p. 1).  The Complaint alleges that Plaintiff Stacey Helseton's accident occurred on September 26, 2021 (Doc. 24).  Accordingly, these medical records appear responsive and relevant to claims in this matter.  Further, there is a suggestion that Dr. Clark would face some burden in further complying with the subpoena.  Specifically, the Motion represents that Dr. Clark is in the process of retiring, and would need to pay a monetary fee, in addition to finding and employing the services of a qualified individual to recover the remaining documents requested.  Therefore, at this juncture, the Court does not have enough information before it to evaluate whether this process would constitute an undue burden on Dr. Clark.

Finally, the documents currently before the Court suggest other deficiencies with the subpoenas. Indeed, Defendants appear to have tendered only a $20.00 witness fee

6

check with the January 5, 2023 Subpoena (Doc. 44-2) (the affidavit of service indicates that a $20.00 witness fee check was tendered). However, 28 U.S.C. § 1821 currently sets a $40.00 per day attendance fee for witnesses appearing for depositions pursuant to any federal rule or order. 28 U.S.C. § 1821(b). Further, most of the deposition dates tendered appear to come close or short of the suggested 14-day benchmark for compliance. *See Rutherford v. Jarm*, No. 18 C 00038, 2018 WL 4236376, at *2 (N.D. Ill. Feb. 6, 2018) (collecting cases, and concluding that a 14-day compliance date is regarded as the "default" time for compliance because Rule 45 provides a default 14-day objection period).

Considering these deficiencies, and particularly the lack of evidence that Dr. Clark has received notice of Defendants' Motion, the Court cannot conclude that Defendants have met their heavy burden for the Court to enforce the subpoena and impose sanctions at this time. Defendants' Motion to Compel and for Sanctions (Doc. 44) is therefore **DENIED, without prejudice**.

**SO ORDERED.**

Dated: June 22, 2023

DAVID W. DUGAN
United States District Judge