IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STACEY HESELTON, ) | |
| LANETTE HESELTON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 21-cv-1592-DWD |
| ) | |
| PEDRO ESPINOZA, and ) | |
| ROLINE EXPRESS, INC., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**DUGAN, District Judge:**

In this matter, Plaintiffs Stacey and LaNette Heselton assert claims for negligence and loss of consortium against Defendants Pedro Espinoza, Roline Express, Inc., and Flock Freight, Inc., following a vehicle accident on September 26, 2021 (Doc. 48). Now before the Court is Plaintiffs' Motion to Dismiss Without Prejudice (Doc. 62). Plaintiffs seek to voluntarily dismiss this case, without prejudice, pursuant to Fed. R. Civ. P. 41(a)(1) or (2). Fed. R. Civ. P. 41(a)(1)(A) permits dismissal without a court order by two methods: (i) plaintiffs file a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) plaintiffs file a stipulation of dismissal signed by all parties who have appeared. Whereas Fed. R. Civ. P. 41(a)(2) permits the Court to dismiss a case on "terms that the court considers proper."

On July 11, 2023, Plaintiffs filed their Second Amended Complaint against Defendants Pedro Espinoza, Roline Express, Inc., and Flock Freight, Inc. (Doc. 48).

Defendants Roline Express, Inc. and Pedro Espinoza served their answers on July 24, 2023 (Docs. 51, 52). Defendant Flock Freight, Inc. filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on September 1, 2023 (Doc. 56). Thus, Plaintiffs have filed their Motion to Dismiss before Defendant Flock Freight, Inc. served an answer or motion for summary judgment, but after Defendants Roline Express, Inc. and Pedro Espinoza served their answers. Because Plaintiffs' Motion does not indicate whether Defendants consent to Plaintiffs' dismissal, and two defendants have already filed an answer, the Court finds that proceeding under Rule 41(a)(2) is more appropriate here.[1]

Dismissals under Rule 41(a)(2) are "within the sound discretion of the district court." *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988). "The district court abuses that discretion 'only when it can be established that the defendant will suffer plain legal prejudice as the result of the district court's dismissal of the plaintiff's action.'" *Solomon v. Armor Corr. Health, Inc.*, No. 19-CV-12-JPS, 2020 WL 407127 (E.D. Wis. Jan. 23, 2020) (internal citations omitted). The following factors indicate whether the defendant will suffer "plain legal prejudice" if the action is dismissed without prejudice:

> (1) the effort and expense of preparing for trial; (2) plaintiff's delay and lack of diligence in prosecuting the action; (3) 'insufficient explanation for the need to take a dismissal' and (4) whether the defendant has filed a motion for summary judgment.

*Id.* (citing *Pace v. S. Exp. Co.*, 409 F.2d 331, 334 (7th Cir. 1969)).

---

[1] The Seventh Circuit consistently instructs that "Rule 41(a) should be limited to dismissal of an entire action", opposed to cleaving away particular claims or parties from a larger case. *Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015). Accordingly, it would be inappropriate for the Court to dismiss only Defendant Flock Freight, Inc. under Rule 41(a)(1) without also dismissing Defendants Espinoza and Roline Express, Inc. Thus, Plaintiffs must still satisfy the standard for dismissal under Rule 41(a)(2) for dismissal of this entire action.

Plaintiffs' Motion does not provide an explanation for the need to dismiss their case. Further, upon review of the docket, the Court observes that significant discovery has been completed prior to the filing of Plaintiffs' Motion. Specifically, on October 3, 2023, the parties filed a Joint Motion to Continue the current trial setting and scheduling order dates (Docs. 60, 61). In those Motions, the parties represent that they "have engaged in substantial discovery, including the depositions of the parties and various other individuals" in addition to the scheduling of depositions for Plaintiffs' retained experts (Doc. 60). Defendants Espinoza and Roline Express, Inc. further seek to compel an independent medical examination of Plaintiff Stacey Heselton pursuant to Fed. R. Civ. P. 35(a)(1) (Doc. 55). These Motions, in addition to Defendant Flock Freight, Inc.'s recently filed Motion to Dismiss are currently under advisement with the Court.

While the Court is inclined to grant Plaintiffs' Motion to Dismiss, considering the significant efforts already taken in discovery, and the lack of explanation from Plaintiffs as to their need to take a dismissal at this time, the Court will first permit Defendants an opportunity to respond to the Motion. Defendants are therefore **DIRECTED** to file responses to Plaintiffs' Motion to Dismiss by **October 6, 2023**. Plaintiffs are further granted leave to file a supplement to their Motion by **October 6, 2023** to articulate further explanation as to their request for dismissal.

**SO ORDERED.**

Dated: October 4, 2023

/s/ David W. Dugan
DAVID W. DUGAN
United States District Judge