IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STACEY HESELTON, <br> LANETTE HESELTON, <br><br> Plaintiffs, <br><br> vs. <br><br> PEDRO ESPINOZA, <br> ROLINE EXPRESS, INC., and <br> FLOCK FREIGHT, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 21-cv-1592-DWD <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

In this matter, Plaintiffs Stacey and LaNette Heselton assert multiple claims for negligence and loss of consortium against Defendants Pedro Espinoza, Roline Express, Inc., and Flock Freight, Inc., following a vehicle accident on September 26, 2021 in Effingham, Illinois (Doc. 48). Specifically, Plaintiff asserts a negligence claim against Defendant Espinoza, the driver of the tractor trailer which struck Plaintiff Stacey Heselton's vehicle (Count 1). Plaintiff also asserts a vicarious liability claim (Count 2) and negligent hiring claim (Count 3) against Defendants Roline Express and Flock Freight, Inc. for their involvement in the employment of Espinoza and contract for transporting the freight load carried by Espinoza at the time of the accident. Now before the Court is Plaintiffs' Motion to Dismiss Without Prejudice (Doc. 62) and Supplement in Support (Doc. 64). Defendants Pedro Espinoza, Roline Express, Inc., and Flock Freight, Inc. oppose the Motion (Docs. 65, 66, 68).

1

## Discussion

As further explained in the Court's prior Order at Doc. 64, the Court construes Plaintiffs' Motion to Dismiss as a request for dismissal under Fed. R. Civ. P. 41(a)(2) because Defendants Espinoza and Roline Express, Inc. have already filed answers in this matter, and Defendants do not consent to Plaintiffs' request for dismissal. Fed. R. Civ. P. 41(a)(2) permits the Court to dismiss a case on "terms that the court considers proper." Dismissals under Rule 41(a)(2) are "within the sound discretion of the district court." *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988). "The district court abuses that discretion 'only when it can be established that the defendant will suffer plain legal prejudice as the result of the district court's dismissal of the plaintiff's action.'" *Solomon v. Armor Corr. Health, Inc.*, No. 19-CV-12-JPS, 2020 WL 407127 (E.D. Wis. Jan. 23, 2020) (internal citations omitted). The following factors indicate whether the defendant will suffer "plain legal prejudice" if the action is dismissed without prejudice:

> (1) the effort and expense of preparing for trial; (2) plaintiff's delay and lack of diligence in prosecuting the action; (3) 'insufficient explanation for the need to take a dismissal' and (4) whether the defendant has filed a motion for summary judgment.

*Id.* (citing *Pace v. S. Exp. Co.*, 409 F.2d 331, 334 (7th Cir. 1969)).

Defendants oppose dismissal (Docs. 65, 66). All Defendants argue that they will suffer "plain legal prejudice" if this case is dismissed without prejudice because Plaintiffs intend to pursue this action in a different district, specifically the Superior Court of California, Los Angeles County where Plaintiffs filed a second lawsuit against Defendants on September 25, 2023 (Doc. 65-1). Defendants Espinoza and Roline Express,

Inc. argue that they will be prejudiced by a dismissal because Defendants have conducted extensive discovery and incurred substantial costs in litigating this matter here, in addition to having expert depositions scheduled (Doc. 66). Defendant Flock Freight also argues that dismissal at this stage will allow Plaintiffs to "reset the [discovery] clock" and re-litigate this case for a second time in California (Doc. 65).

In addition to the extensive discovery and late stage of these proceedings, Defendant Flock Freight further contends that it will be prejudiced by a dismissal because it believes Plaintiffs are forum shopping to avoid an adverse ruling on Defendant's pending Motion to Dismiss (Doc. 65). Defendant Flock Freight filed its Motion to Dismiss on September 1, 2023 (Doc. 56). In its Motion, Flock Freight argues that the Seventh Circuit's recent decision in *Ye v. GlobalTranz Enterprises, Inc.*, 74 F.4th 453 (7th Cir. 2023) bars Plaintiffs' negligent hiring claims against it because Defendant is a federally licensed freight broker (Doc. 65, p. 6). In *Ye*, the Seventh Circuit held that negligent hiring claims against a federally licensed freight broker are entirely preempted by the Federal Aviation Administration Authorization Act ("FAAAA"), 49 U.S.C. § 14501(c)(1). *See Ye*, 74 F.4th at 453.

Plaintiffs filed their response to Defendant's Motion on September 29, 2023 (Doc. 59), just five days prior to filing their current Motion to Voluntarily Dismiss. Thus, Defendant Flock suggests that Plaintiffs are motivated to litigate this matter in California, in part, to avoid a ruling on the pending Motion to Dismiss and instead proceed in an apparently more favorable venue. In support of this argument, Defendant Flock maintains that precedent out of the Ninth Circuit Court of Appeals may be more

favorable to Plaintiffs on the specific preemption issue presented here, and thus litigating this matter in California would be prejudicial to Defendant's position in this Court. *See, e.g.*, *Miller v. C.H. Robinson Worldwide, Inc.*, 976 F.3d 1016 (9th Cir. 2020) (holding that negligent hiring claims against a federally licensed freight broker fell within the FAAAA's preemption exception for "the safety regulatory authority of a State with respect to motor vehicles"). Accordingly, as an alternative argument, Defendant Flock Freight asks the Court to first rule on the merits of its Rule 12(b)(6) Motion before considering Plaintiffs' Motion to Dismiss. *See Mezyk v. U.S. Bank Pension Plan*, No. 3:09-CV-384-JPG, 2011 WL 147303, at *2 (S.D. Ill. Jan. 18, 2011) ("[D]ismissal without prejudice may be inappropriate where the plaintiff seeks to avoid an adverse ruling by the Court.") (citing *Kapoulas v. Williams Ins. Agency, Inc.*, 11 F.3d 1380, 1385 (7th Cir. 1993). Defendant Flock Freight further asks the Court to award it reasonable attorney fees and costs pursuant to Fed. R. Civ. P. 41(d).

Although Plaintiffs' original motion did not provide an explanation for their need to dismiss this case, Plaintiffs filed a Supplement explaining that dismissal is sought here because litigating this case in California will be more convenient and appropriate (Doc. 67). According to Plaintiffs, after extensive discovery they learned of Defendant Flock Freight's involvement in this case, and subsequently confirmed that all Defendants are located in California (Doc. 67). Plaintiffs also represent that all of Defendant Espinoza's former employers, in addition to Plaintiffs' only other witness to the collision, are all located and employed in California. Plaintiffs further indicate that they have been unable to successfully serve their fact witnesses in California because multiple witnesses have

4

refused to comply with their service attempts, which has hindered the pursuit of Plaintiffs' case. Accordingly, Plaintiffs now believe that it is in their best interests to pursue their claims in California because all Defendants and all evidence is located there. Plaintiffs thus ask that the Court dismiss this action.

As mentioned above, the dismissal of a plaintiff's complaint without prejudice under Rule 41(a)(2) is within the district court's sound discretion. *See Tyco Lab'ys, Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980). In deciding whether to grant a Fed. R. Civ. P. 41(a)(2) motion to dismiss, courts should consider a variety of factors, including: "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the party of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Tyco Laboratories, Inc.*, 627 F.2d at 56; *see also Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1971) ("In exercising its discretion the court follows the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit."). There is no mandate that each and every factor be resolved in favor of the moving party before dismissal is appropriate; the factors are merely a guide for the courts. *Id.*; *see also Ripper v. Leisure Properties, LLC*, No. 18-CV-1719-SMY-RJD, 2019 WL 2422356 (S.D. Ill. June 10, 2019).

Here, the relevant factors in this case weigh in favor of voluntary dismissal. This litigation, although pending since December 2021, is not at an advanced stage procedurally. Discovery is still on-going, and trial is not set until March 2024, although

5

the parties recently moved to continue this date (Doc. 60). While Defendants have expended effort in motion practice and discovery, here such efforts do not amount to "plain legal prejudice." *See Tyco Laboratories, Inc.*, 627 F.2d at 56 (the commencement of discovery alone does not create plain legal prejudice needed to defeat dismissal without prejudice). Nor is it apparent that these discovery efforts will be rendered worthless by a dismissal. *Id.* at 56 (rejecting argument that extensive discovery would be tantamount to "plain legal prejudice" when parties agreed at oral argument to the utilization of evidence discovery in the dismissed case in plaintiff's subsequently filed case); *in accord Elliott v. Abbott Lab'ys, Inc.*, No. 3:13-CV-000480-NJR, 2019 WL 8268546, at *4 (S.D. Ill. Aug. 27, 2019) (Finding "the efforts and expenses expended by [Defendant] thus far in this Court would also be useful and relevant in other courts without being wasted."). And even though this case has been pending since December 2021, the current record before the Court does not support a finding of excessive delay or lack of diligence.

Finally, no plain legal prejudice would ensue with dismissal. Contrary to Defendant Flock Freight's presumption, it is not a foregone conclusion that its motion to dismiss would be granted or that it would be conclusively dispositive. Indeed, the federal preemption argument Defendant relies on is an affirmative defense which Defendant bears the burden of proof. Further, this analysis may require a factual finding as to whether Defendant Flock was a trucking broker opposed to a motor carrier, a fact which the parties currently dispute. *Compare* Doc. 48, ¶¶ 10, 29 (Plaintiffs allege that Defendant Flock is a registered motor carrier) with Doc. 56, pp. 3-4 (Defendant Flock insists that Flock has never been a "registered motor carrier" and construes Plaintiffs' allegations as

6

a "blatant misstatement … that is factually incorrect."). If such factual dispute is indeed relevant to the preemption question, Defendant has not yet shown how the Court is to resolve this factual dispute on a Rule 12(b)(6) Motion to Dismiss. *See, e.g.*, *Geinosky v. City of Chicago*, 675 F.3d 743, 751 n.1 (7th Cir. 2012) ("A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice").[1] Nevertheless, without commenting on the merits of Defendant Flock's Motion, "the pendency of [a dispositive] motion is not enough to show prejudice. *See Simons v. Fox*, 725 F. App'x 402, 406 (7th Cir. 2018) (unpublished) (citing *Tyco Laboratories, Inc.*, 627 F.2d at 56). Nor does the fact that Plaintiffs plan to litigate a second lawsuit result in prejudice. *Tyco Laboratories, Inc.*, 627 F.2d at 56 ("[W]e expressly observed that the prospect of a second lawsuit would not be sufficient to meet [the plain legal prejudice] standard."); *Stern*, 452 F.2d at 213.

## Conclusion

For these reasons, Plaintiffs' Motion to Dismiss pursuant to Rule 41(a)(2) (Doc. 62) is **GRANTED** over Defendants' objections. This matter is **DISMISSED without prejudice**. All pending motions are **DENIED, as moot, and without prejudice**. All deadlines and hearings are hereby terminated. The Clerk of Court is **DIRECTED** to enter judgment accordingly, and to close this case.

---

[1] In its Motion to Dismiss, Defendant Flock appears to have copied a screenshot from a federal website to support its argument that it was not acting as a registered motor carrier (Doc. 56, p. 4). However, the screenshot is partially illegible, and Defendant does not otherwise explain how the Court can take judicial notice of this fact from an unidentified source. *See, e.g.* Fed. R. Evid. 201.

Finally, Defendant Flock Freight's request for attorney fees and costs under Fed. R. Civ. P. 41(d) is **DENIED**. When a plaintiff who previously dismisses an action in any Court files an action based on or including the same claim against the same defendant, the Court may order the plaintiff to pay all or part of the costs of the previous action. *See* Fed. R. Civ. P. 41(d)(1). The decision to award fees and costs is left to the Court's discretion. *Esposito v. Piatrowski*, 223 F.3d 497, 500–01 (7th Cir. 2000). The purpose of this rule is to prevent forum shopping and vexatious litigation. *Esposito*, 223 F.3d at 500-01. Thus, a "judge who reasonably believed that the plaintiff had imposed a gratuitous expense on the defendant by filing in the wrong court and now wanted to dismiss without prejudice in the expectation of refiling in the right court would therefore be justified in conditioning voluntary dismissal on the plaintiff's reimbursing some or all of the defendant's expenditures in litigating the jurisdictional issue." *Wells Fargo Bank, N.A. v. Younan Properties, Inc.*, 737 F.3d 465, 468 (7th Cir. 2013). However, any fee award should "reimburse the defendant for expenses incurred in preparing work product that will not be useful in subsequent litigation of the same claim." *Id.*

Here, Defendant Flock Freight provides no argument or basis to support an award of fees or costs. Further, the facts and circumstances do not warrant the costs in this instance. It is not clear to the Court that Plaintiffs are engaged in forum shopping; rather Plaintiffs are pursuing their claims in two jurisdictions that both have jurisdiction to hear their claims. Moreover, it appears that the expenses incurred by Defendant in preparing work product in this case will be useful in subsequent litigation, and Defendant has not otherwise shown that it has incurred "gratuitous expense" in the three months Defendant

8

Flock Freight has been involved in this litigation, having first entered its appearance on August 16, 2023 (Doc. 53).

**SO ORDERED.**

Dated: October 24, 2023

_____
DAVID W. DUGAN
United States District Judge