IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STACEY HESELTON, <br> LANETTE HESELTON, <br><br> Plaintiffs, <br><br> vs. <br><br> PEDRO ESPINOZA, and <br> ROLINE EXPRESS, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> )  Case No. 3:21-cv-1592-DWD <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

In this matter, Plaintiffs Stacey and LaNette Heselton assert claims for negligence and loss of consortium against Defendants Pedro Espinoza, Roline Express, Inc., and Flock Freight, Inc., following a vehicle accident on September 26, 2021 (Doc. 48). Plaintiffs' claims stem from an accident on September 26, 2021, when Defendant, Pedro Espinoza's, tractor trailer struck Stacey Heselton while working as an employee with the Illinois State Police on Interstate 70.

On February 28, 2024, Defendants filed a joint appeal from this Court's order granting Plaintiffs' Motion to Voluntarily Dismiss all claims against Defendants without prejudice (Doc. 71). Parties allege they reached a settlement on May 20, 2024, after the appeal was fully briefed (Doc. 84). On May 24, 2024, the United States Court of Appeals for the Seventh Circuit granted Appellants' Rule 42(b)(2) Motion for Voluntary Dismissal and remanded for approval of the settlement and entry of judgment regarding the same

1

(Docs. 82, 83). Now before the Court is Plaintiffs' Motion to Apportion Settlement Funds (Doc. 84).

In their motion, Plaintiffs request the Court apportion the settlement funds of $1,115,000.00 between and among the Plaintiffs equally, or $557,500.00 to Plaintiff Stacey Heselton and $557,500.00 to Plaintiff LaNette Heselton. The motion states that the State of Illinois is claiming its rights as lienholder for Stacey Heselton's claim under Section 5(b) of the Illinois Workers' Compensation Act ("IWCA"), 820 ILCS 305/5(b). Plaintiffs claim Section 5(b) rights do not apply to LaNette Heselton's portion of the settlement funds. Additionally, Plaintiffs request in their motion that the Court's order outline the State's rights.  On June 5, 2024, parties filed a status report stating that Defendants do not object to the Plaintiffs' motion (Doc. 85).

Section 5(b) provides that a worker who prevails in an IWCA lawsuit against a third-party tortfeasor "must repay his employer for the workers' compensation benefits from the amount recovered, and the employer may claim a lien on the recovery in an amount equal to the benefits paid." *Jansen v. Aaron Process Equip. Co.*, 207 F.3d 1001, 1003 (7th Cir. 2000) (citing *LaFever v. Kemlite Co.*, 185 Ill.2d 380, 235 Ill.Dec. 886, 706 N.E.2d 441, 451 (1998)). Where a settlement between the employee and a third party is reached, Section 5(b) requires either the employer's consent or an order of the court. *Freer v. Hysan Corp.*, 108 Ill. 2d 421, 426, 484 N.E.2d 1076 (1985); *Fret v. Tepper*, 248 Ill. App. 3d 320, 618 N.E.2d 526 (1993).

While the Plaintiffs' motion indicates the State lodged no objection to the settlement (Doc. 84), it does not state that the State agrees to the apportionment. Plaintiffs

2

attach to their motion an email exchange between what appears to be Illinois' Counsel and Plaintiffs' attorneys regarding approval of the settlement (Doc. 84, Exh. A).  In an email on May 16th, Plaintiffs' Counsel advised the State's Counsel that there was an offer to settle the case. State's Counsel responded on May 17th and indicated that she would contact the "department," and when following up later that same day, stated: "you do not need CMS' approval to settle. CMS is not prepared to give its approval as the lien is not final."  Plaintiffs' Counsel responded: "[g]iven that there is no objection at this time, we will proceed with the settlement of the civil claims."

While it is clear from the emails that the State acknowledges that it cannot interfere with the decision whether to accept or reject an offer of settlement in the civil matter, there is nothing presented in the motion to suggest that Plaintiff sought the State's consent as to the proposed apportionment.  And, as the State indicated in its email of May 17, its lien under 820 ILCS 305/5(b) is not final, which would suggest that benefits continue to be paid by the State or that it has not yet calculated the final amount of the lien. Whatever the reason, the amount of the lien is not disclosed in the motion such that the Court can be made aware of whether the lien amount may exceed the net recovery available to the Plaintiff, Stacey Heselton. He was, by all accounts available to the Court, very seriously injured, and it would seem that significant benefits have been or are being paid by the State. Without a final amount of the lien or consent from the State as to the apportionment, the Court cannot assess whether the State will be compensated in accordance with Illinois law.

Upon review of the record, the Motion to Approve Apportionment of Settlement (Doc. 84) is DENIED without prejudice.

**SO ORDERED.**

Dated: June 7, 2024

/s *David W. Dugan*

_____
DAVID W. DUGAN
United States District Judge